REASECKER BRINSER *vs.* FIDELITY TRUST COMPANY, a corporation of the State of Delaware.

*Money Delivered to Another for a Specific Purpose—Purpose Abandoned—Right to Recover Back—Evidence— Receipt—Explanation.*

1. Where money is deposited with another for a certain purpose which is afterwards abandoned, the person receiving it cannot retain it, and an action of assumpsit will lie by the owner against the holder for its recovery.

2. If a person deposit money with a trust company for a purpose afterwards abandoned, and it belonged to the depositor individually and not to another company, he may recover it in an action of assumpsit.

3. If money is delivered by a person to an officer of a trust company for deposit therein for a specific purpose, afterwards abandoned, and the officer receiving the money receipts for it in the name of the trust company as "on account of first note" of a certain other company, he may explain his receipt and show that the money was given to him as treasurer of the latter company.

(*March* 1, 1910.)

Judges BOYCE and HASTINGS sitting.

*James M. Satterfield* and *John B. Hutton* for plaintiff.

*William M. Hope* and *Charles H. LeFevre* for defendant.

Superior Court, Kent County, February Term, 1910.

ACTION OF ASSUMPSIT (No. 30, April Term, 1908), to recover $248. (money deposited with defendant), with interest from July first, 1907.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit, brought by Reasecker Brinser against the Fidelity Trust Company, a corporation of the State of Delaware, to recover the sum of $248, with interest from the first day of July, 1907.

The plaintiff contends that on May 2nd, 1906, he paid to A. S. Stanford, Vice President of the Fidelity Trust Company, this defendant, three hundred dollars, to secure certain notes that were to be given by a corporation by the name of the Lancaster Investment Company, which corporation he was interested in. That at the time he paid the three hundred dollars he got this receipt:

"May 2, 1906.

"Received of R. Brinser amount due, three hundred dollars, on account of first note Lancaster Investment Company.

FIDELITY TRUST COMPANY,

$300.00.                                    By A. S. Stanford."

That after the money was paid, the purpose for which it was paid, viz., to secure these notes, was abandoned, and that it was afterwards held by the Fidelity Trust Company, the defendant, for the purpose of securing the interest on certain bonds, and that afterwards that was abandoned. He contends that this was his own money which he paid to this defendant company for that purpose and that after the purpose for which it was paid had been abandoned, he was entitled to receive the balance of the money back.

The defendant contends, on the other hand, that it was not the money of the plaintiff that was deposited with the Fidelity Trust Company, but that it was the money of the Lancaster Investment Company. The defendant admits that the purpose for which the money was paid to it has been abandoned and that the money is due, but due only to the Lancaster Investment Company.

We say to you, gentlemen of the jury, that if this money that was paid was the money of Brinser the plaintiff, when he paid it, and if the purpose for which it was paid was afterwards abandoned, as the defendant admits, then the plaintiff would be entitled to recover. If, however, the money was not his and never became his, always being the property of the Lancaster Investment Company, of course he could not recover; he would have nothing to do with it. But when this money was paid either by the Lancaster Investment Company or by this plaintiff, for a certain purpose and that purpose was abandoned, it was the duty of the defendant to return the money to somebody. If it belongs to the Lancaster Investment Company of course this plaintiff could not recover, but if it was his money that was paid in the first instance and it was not used for the purpose intended, of course he would be entitled to recover.

We will say to you that this receipt which was admitted in evidence may be explained by the defendant, and while it has been given in the name of R. Brinser, the defendant can show, if he can, that it was given to him as Treasurer of the Lancaster Investment Company; and it is for you to determine whether or not it was given to him as Treasurer and in return for the money which the defendant had received from the Lancaster Investment Company, or whether it was given to R. Brinser because of his individual money which he had paid.

In order to determine this matter, which is left for you, you may examine all the testimony that has been admitted in the case,—the receipt, the agreement, and any other facts, which throw any light upon it.

We will say further to you that in rendering your verdict you

Verdict.

should be governed by the preponderance or greater weight of the testimony.   It is not a question of reasonable doubt, as in criminal cases, but it is a question on which side the weight of the testimoney  preponderates.

Verdict  for  plaintiff  for  $287.68.